UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **JERMAINE EPPS** | **CIVIL ACTION NO. 23-139-P** |
| **VERSUS** | **JUDGE HICKS** |
| **ANNA GARCIE** | **MAGISTRATE JUDGE HORNSBY** |

REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report, and recommendation.

STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Jermaine Epps, ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on January 30, 2023. He is incarcerated at the Sabine Parish Detention Center in Many, Louisiana. Plaintiff names First Assistant District Attorney Anna Garcie as defendant.

On July 23, 2018, Plaintiff was charged with Second Degree Rape. He claims the accusations against him are false. Plaintiff claims First Assistant District Attorney Anna Garcie upgraded the charge against him to First Degree Rape after the results from the rape kit showed negative results for sexual intercourse. He claims the negative results proved his innocence and he should not still be incarcerated. He claims his character has been damaged and he has been the victim of unlawful justice. Plaintiff's claims his bond has been taken twice.

Accordingly, Plaintiff seeks a public apology, monetary compensation for himself and his family, protection from local authorities, dismissal of charges against him or a transfer to a higher court.

## LAW AND ANALYSIS

**First Assistant District Attorney Anna Garcie**

Plaintiff names the First Assistant District Attorney Anna Garcie as defendant. He claims Garcie upgraded the charge against him to First Degree Rape after the results from the rape kit showed negative results for sexual intercourse. Prosecutors have absolute immunity when acting in a quasi-judicial mode. Imbler v. Pachtman, 424 U.S. 409, 106 S.Ct. 984, 47 L.Ed.2d 128 (1976); Geter v. Fortenberry, 849 F.2d 1550 (5th Cir. 1988). The Fifth Circuit has repeatedly recognized the purpose of the immunity defense is to protect public officials from undue interference with their duties and from disabling threats of liability. Geter, 849 F.2d at 1552. Absolute immunity is immunity from suit rather than from liability. Elliot v. Perez, 751 F.2d 1472 (5th Cir. 1985). The Fifth Circuit "has likewise accepted the premise that the protected official should be sheltered from trial and pre-trial preparation as well as liability." Id. at 1478.

The conduct challenged unequivocally falls within the authority of Garcie as a quasi-judicial officer of the court and in the ordinary exercise of her quasi-judicial duties. Accordingly, Plaintiff's civil rights claims against First Assistant District Attorney Anna Garcie should be dismissed as frivolous.

**Habeas Claim**

Plaintiff seeks the dismissal of the charges against him. To the extent Plaintiff seeks a release from custody, his claims should be dismissed. A release from custody is not available through a civil rights action. See Calderon v. Ashmus, 523 U.S. 740, 747 (1998) (any claim attacking the validity or duration of confinement must be raised in a habeas corpus petition); Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Such relief is available, if at all, in a habeas corpus action under 28 U.S.C. § 2241. To the extent Plaintiff seeks the dismissal of the charges and his release from incarceration, he fails to state a claim for which relief may be granted pursuant to 42 U.S.C. § 1983.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights claims against First Assistant District Attorney Anna Garcie be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).  **IT IS FURTHER RECOMMENDED** that Plaintiff's request for habeas relief be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim which relief may be granted pursuant to 42 U.S.C. § 1983.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objection within fourteen (14) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party.  See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 30th day of March, 2023.

Mark L. Hornsby
U.S. Magistrate Judge